MUNFORD (A SLAVE) v. STATE, 39 Miss. R., 558.

### HOMICIDE.

An acquittal on an indictment for a greater offense, is a bar to a subsequent indictment for a less offense included in the greater, only where under the indictment for the greater offense the prisoner could have been legally convicted of the less.

To enable a party relying on a plea of former acquittal to avail himself of this defense, it must appear that he could have been convicted under the first indictment for the offense charged in the second, by the same testimony.

M., a slave, was indicted for the murder of A., and was convicted of manslaughter. The judgment was arrested, because the indictment did not show whether the deceased was a white man or a negro. He was afterward indicted for the manslaughter of A., a white man. *Held*, That the former trial and judgment was no bar to the second indictment, as the first indictment for murder was legally insufficient to support a conviction for manslaughter.

Error to Carroll circuit court. COTHRAN, J.

*R. B. Mayes*, for the plaintiff in error.

1. The term *offense*, as used in a legal sense, is relative, and is applied indiscriminately to any violation of criminal law. In its most extended sense it is nearly synonymous with crime,

·and it is with sense that we have to deal with it.  Bouv. Law Dic., tit. " Offense."  It is never applied to any specific violation of law.  It docs not of itself mean murder, nor manslaughter, nor assault, nor yet battery.  But it is the *act* of violating the law, the *fact* by which the law was violated—the *corpus delicti ;* as in murder or manslaughter it means the *act* of killing ; in assault, the *attempt to do another a personal injury ;* in battery, the *actual beating* of another.  This is necessarily so, for we find an *offense* often divided into *degrees,* and each degree having a different punishment attached.  This is well shown by authority.  In the case of Rex v. Bandicombe et al., this point is held in substance.  The defendants were first indicted for burglary, in breaking and entering a dwelling-house and *stealing.*  The second indictment charged them with breaking and entering with *intent to steal,* and they pleaded *autre fois acquit.*  The plea was overruled on demurrer, which was argued before all the judges of England, on the ground that the *offenses* were not the same ; Mr. Justice Buller, who delivered the opinion of the court, saying, " It is quite clear that, at the time the felony was committed, there was only *one act done,* namely, the breaking of the dwelling-house.  But this fact alone will not decide this case, for burglary is of two sorts : 1st, breaking and entering a dwelling-house in the night-time and *stealing goods therein ;* 2d, breaking and entering a dwelling-house in the night-time with *intent to commit a felony,* although the meditated felony be not, in fact, committed.  The circumstance of *breaking* and *entering* the house is common and essential to both the species of this offense, but it does not of itself constitute the crime in either ; for it is necessary, to the completion of burglary, " that there should not only be a *breaking* and *entering,* but the breaking and entering must be accompanied with a felony committed or intended to be committed."  Russ. on Cr., 829.  The deduction to be drawn is, that the breaking, entering and stealing form *one* act ; and the breaking and entering *with intent to steal* form another, and that each is a separate and distinct offense.

In Benham's case, the defendant was indicted for having in his possession a forged bank-note of the Troy Bank, with intent

to utter and pass the same, and with intent to defraud the bank. To this he pleaded a former conviction for having in his possession, at the same time and place, a bank-note of the Mechanics' Bank, with the same intention. In deciding the plea, the court says: " He has been tried for having one of them in his possession, and convicted; and the question now is, whether he can be again tried and convicted for possessing each of the other notes of the different banks which he had at that time; in other words, is the possession of each note holden at one and the same time, a *distinct offense*, and punishable as a distinct crime ? * * * The offense consisted in uttering and putting them off." " It has been decided that a person indicted for stealing nine one-pound notes may be convicted upon proof of stealing only one. Rex v. Johnson, 3 M. & Selw., 539, 548; Rex v. Clark, 1 Brod. & Bing., 437. There the substance of the offense is stealing notes; here the substance of the offense is having in possession counterfeit notes. The number may add to the evidence of guilt, but not to the number of offenses. In action for the penalty for insuring tickets in a lottery, where ten tickets were insured at one and the same time, Lord Kenyon held, that but one penalty could be recovered." The State v. Benham, 7 Conn., 414. In Barrett's case, Kent, C. J., says : " The indictment does not contain a *venue* in that part of it which avers that the defendant made a *fraudulent pretence*, in pursuance of the conspiracy previously and at another day formed. This is a material allegation, and it required a *venue*, for the *act done* in pursuance of the conspiracy was the *gist* of the charge." People v. Barrett, 1 Johns., 75.

In Sheppard's case it is held, that " the law is well settled that, upon an indictment for petit treason—in a servant's killing his master, for example—an acquittal or conviction of murder for the same killing is a good bar." 2 Hale P. C., 246. So, if a man be acquitted upon an indictment for murder, it is a good plea to an indictment for manslaughter of the same person ; or *e converso*, if he be indicted for manslaughter, and be acquitted, he shall not be indicted for the same death for murder, for they differ only in degree, and the *fact* is the same. Holcomb's case, 4 Co. R., 46, *b*. So, if a

person be on trial for a theft, and by the proof it should appear that the theft was accompanied with such facts as would constitute robbery, an acquittal or conviction of the larceny would be a bar to an indictment for robbery. The same fact of stealing is in both cases the subject of inquiry, and in both cases essential. The State v. Sheppard, 7 Conn., 55. See also, State v. Nichols, 8 Conn., 496; Commonwealth v. Roby, 12 Pick., 496; Commonwealth v. Kinney, 2 Va. Cases, 139; Fiddler v. State, 7 Humph., 508; McGowan v. People, 17 Wend., 386; Roberts v. State, 14 Ga. R., 8. See also, 7 Humph., 508; Thach., 206, 207; Rocco v. State, 37 Miss., 357.

"It is to be observed, that the plea of former acquittal or conviction must be upon a prosecution for the same identical act and crime." 4 Black. Com., 336. That the acts are the same is necessarily the case; that the crime is the same, Blackstone thus declares: "The other species of criminal homicide is that of killing another man. But in this there are also degrees of guilt which divide the *offense* into manslaughter and murder." 4 Black. Com., 190. These authorities clearly illustrate that, in all cases, it is *the act* which comprises the *offense*, and not the degree of guilt incurred. The *offense* charged against Munford is the *killing* of Ashley—is the *corpus delicti.*

2. The rules applicable to the question whether Munford was legally acquitted, and whether the acquittal will bar the subsequent indictment, are very numerous. Under our law, as at present framed, in the case of a negro killing a white man, the state, at its option, indict for murder or manslaughter, or for both. In the present case, the state elected first to indict solely for murder. The )indictment was so framed that the question of manslaughter could not be inquired of by the jury. Upon that indictment a verdict of acquittal was rendered. See Hurt v. State, 25 Miss., 378; Swinney v. State, 8 S. & M., 576. It is now sought to try him for the manslaughter of the same person. This can only be done, provided "that, owing to some defect or circumstance, no valid final judgment could have been rendered against the prisoner" if he had been convicted on the first indictment. Bishop Cr. Law, 662, 663; Russ. on Cr., 835; People v. Barrett, 1 Johns., 75. The rule is, that "if the

prisoner *could* have been legally convicted on the first indictment, upon any evidence that *might* have been legally adduced, his acquittal on that indictment may be successfully pleaded to a second indictment, and it is immaterial whether the proper evidence were adduced on the trial of the first indictment or not." Wharton's Am. Cr. Law, 252; Rex v. Embden, 9 East, 214; People v. McGowan, 17 Wend., 386; 1 Archb. Cr. Pr., 112; 1 Russ. on Crimes, 832, 833.

Another rule is, " We may observe that the great general rule upon this part of the subject is, that the previous indictment must have been one upon which the defendant could legally have been convicted; upon which his life or liberty was not merely in imaginary, but in actual danger, and, consequently, in which there was no material error." 1 Arch. Cr. Pr., 112. Here we find clearly and distinctly enunciated what, in all cases of *autre fois acquit*, should be steadily kept in mind, and what would form a safe criterion in every case to judge of their correctness, to wit: Was the prisoner's life in danger on the first trial? If so, it is good. If not, it is bad. His life *was* in danger, and there was no material error in the proceedings, which is sufficient. Russ. on Cr., 834. "Unless the first indictment were such as the prisoner might have been convicted upon, by proof of the facts contained in the second indictment, an acquittal on the first can be no bar to the second." Rex v. Vandercomb & Abbott; Russ. on Crimes, 830; Roberts v. State, 14 Ga. R., 8.

On an indictment for murder or manslaughter, but *one fact* is necessary to be proven—the killing. When this is proven, the state has established a *prima facie* case of murder. East P. C. 224; Mitchell v. State, 5 Yerg., 340. It then devolves on the defendant to show circumstances in mitigation, extenuation, or exculpation. When the state has proven the one fact common to murder and manslaughter, a *prima facie* case is made out, and the defendant's life is in jeopardy; when the state has proved the one fact in burglary common to both these species of offense—the breaking and entering—it has not made out a *prima facie* case, and the defendant's life is not in jeopardy; the prosecution has to go farther, and prove one of two separate

and distinct facts, the proof of one of which does not tend to establish the other; so the court held in this case. In murder, the fact of the killing being proved, the law presumes malice till the contrary appear; in burglary, the fact of the breaking and entering being proved, the law *does not* presume a felony, but the felony must be *proved,* and there being *two kinds of felonies* susceptible of proof, the establishment of the one does not establish the other. On an indictment for murder, if the prosecution proves the fact of the killing, and at the same time proves mitigating circumstances which reduces the offense to manslaughter, the court would not, upon motion, exclude the testimony; for the jury are the judges of the facts, and they may disbelieve the mitigating circumstances. The court is only the judge of whether or not the prosecution has made out a case of guilt *in law,* and the jury is to determine whether it has been made out *in fact.* In burglary, on an indictment for the breaking, &c., and *stealing,* if only an *intent to steal* is shown, the prosecution has *not* made out its case in law, and therefore the testimony would be excluded, and *therefore they could not be convicted* upon that indictment.

"If a prisoner *could* have been legally convicted upon an indictment on any evidence that *might have been* adduced, his acquittal upon that indictment may be successfully pleaded to a second indictment, and it is immaterial whether the proper evidence was adduced at the first trial or not." State v. Nichols, 8 Conn., 496; State v. Shepherd, 7 Conn., 55; Roberts v. State, 14 Ga., 8; Fiddler v. State, 7 Humph., 508.

*T. J. Wharton,* attorney general.

HARRIS, J.:

The plaintiff in error was indicted in the circuit court of Carroll county for the murder of one Valentine Ashley, not alleging that he was a white man. Upon this indictment a verdict of guilty of *manslaughter* was rendered, and upon the motion of the plaintiff in error, this judgment was arrested in the court below, upon the ground that the record did not show whether the offense found was the manslaughter of a slave, which is not a capital offense, or the manslaughter of a white man, which is

punished capitally by our laws. The judgment was, therefore, arrested, indictment quashed, and the prisoner held to answer a new indictment.

At the next term of the court, the prisoner was indicted for the manslaughter of Valentine Ashley, *a white man;* and in his defense thereto, relied on the plea of a former acquittal for the same offense, setting out specially all the proceedings had on the former trial. To these pleas the district attorney demurred, the demurrer was sustained, and a jury and a verdict of guilty, and judgment.

The action of the court in sustaining the demurrer to these pleas of a former acquittal is the error assigned here.

Ordinarily an acquittal on an indictment for a greater offense is a bar to a subsequent indictment for a minor offense included in the former, wherever, under the indictment for the greater offense, the defendant could have been convicted of the less. An acquittal on an indictment for a minor offense is generally no bar to a subsequent indictment for the greater. Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea of former acquittal is generally a good bar.

To enable the party relying on the plea of former acquittal to avail himself of this defense, it must appear that he *could have been convicted,* under the first indictment, for the offense charged in the second.

In the case before us, no conviction of manslaughter could have been legal under the first indictment. The indictment failing to show whether the deceased was a white man or a slave, the court could not know what judgment to pronounce. The manslaughter of a slave by a slave, in our law, is not a capital offense, while the manslaughter of a white man by a slave is made capital by statute.

The defendant was not in jeopardy for the offense with which he is now charged, and cannot avail himself of that defense.

Judgment affirmed.